UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN RABURN, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:09-CV-1172-G |
| DAE WOO, INC., ET AL., ) | |
| ) | **ECF** |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Daewoo Electronics Corporation ("DEC") to dismiss for insufficient process and service, and lack of personal jurisdiction (docket entry 8). For the following reasons, the motion is denied, but DEC's alternative motion to quash service is granted.

### I. BACKGROUND

#### A. Factual Background

On May 12, 2009, the plaintiffs John and Susan Raburn ("the plaintiffs" or "the Raburns") filed an original petition in the 14th Judicial District Court for Dallas County, Texas, alleging various negligence, products-liability, and strict-liability

claims against several Daewoo entities. Daewoo Electronics America, Inc.'s Notice of Removal ("Notice"), Exhibit 2, Plaintiffs' Original Petition at 1, 4-6. The Raburns allege that John Raburn was injured by a galvanized metal component that was protruding from the bottom of a refrigerator manufactured by one of the defendants. Plaintiffs' First Amended Complaint at 3. On June 22, 2009, the defendant Daewoo Electronics America, Inc. ("DEAM") timely removed the case to this court on the basis of diversity-of-citizenship jurisdiction. Notice at 1. On July 1, 2009, DEC filed this motion to dismiss for improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).[1] Defendant Daewoo Electronics Corp.'s Motion to Dismiss for Insufficient Process and Service, and Lack of Personal Jurisdiction ("Motion") at 1. In the alternative, DEC asks the court to quash service and order the Raburns to properly serve it with process within 120 days. Motion at 8.

---

[1] DEC has also moved to dismiss on two other grounds. First, DEC moves to dismiss for insufficient process under Rule 12(b)(4) on the ground that the citation and petition were not translated into Korean, as required by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (hereinafter "the Hague Convention"). Motion at 5-6. Because this memorandum opinion and order quashes the Raburns' attempted service, DEC's motion to dismiss under Rule 12(b)(4) is denied as moot. DEC also moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) on the ground that the Raburns' failure to properly serve process on DEC deprives the court of personal jurisdiction over DEC. Motion at 6-7. DEC's arguments for dismissal under Rule 12(b)(2) overlap entirely with its arguments for dismissal under Rule 12(b)(5). Rule 12(b)(5) is the more appropriate vehicle for consideration of those arguments. *Briggs v. DART Regional Rail Right of Way Company*, 2005 WL 3133505, at *3 n.3 (N.D. Tex. Nov. 23, 2005) (Fish, C.J.). Therefore, DEC's motion to dismiss under Rule 12(b)(2) is denied.

B. Procedural Background

Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and the complaint on the defendant "within 120 days after the complaint is filed." FED. R. CIV. P. 4(m). If the plaintiff does not serve process on a defendant within 120 days, the court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff can show good cause for the failure to serve process within 120 days, an extension of time for service is mandatory. *Id.*

Federal Rule of Civil Procedure 12(b)(5) authorizes the dismissal of an action for insufficient service of process. FED. R. CIV. P. 12(b)(5). A 12(b)(5) motion to dismiss poses a challenge to the manner or method of service attempted by the plaintiff rather than the form or content of the summons. *Tinsley v. Commissioner of Internal Revenue Service*, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998) (Solis, J.). "Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litigation*, 309 Fed. Appx. 833, 835 (5th Cir.) (per curiam) (citing *Carimi v. Royal Carribean [sic] Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)), *cert. denied*, ___ U.S. ___, 130 S. Ct. 803 (2009). A Rule 12(b)(5) motion to dismiss requires the district court to "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Lisson v. ING Groep N.V.*, 262 Fed. Appx. 567, 570-71 n.2 (5th Cir. 2007) (per curiam).

II. ANALYSIS

Service of process on a corporation such as DEC is governed by Federal Rule of Civil Procedure 4(h). *See* FED. R. CIV. P. 4(h). The applicable rules vary depending on whether the corporation to be served is within the United States or abroad. If a corporation is to be served within the United States, Rule 4(h)(1) provides that the corporation must be served either by serving process on an officer, managing agent, general agent, or other agent "authorized by appointment or by law to receive process" for the corporation, FED. R. CIV. P. 4(h)(1)(B), or "in the manner prescribed by Rule 4(e)(1) for serving an individual," FED. R. CIV. P. 4(h)(1)(A). In turn, Rule 4(e)(1) allows service to be made in any way that complies with the law of either the state in which the action was brought or the state in which service is made. If a corporation is to be served abroad, Rule 4(h)(2) provides that the corporation must be served in "any manner prescribed in Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." One of the methods of service prescribed in Rule 4(f) is service that is authorized by the Hague Convention. FED. R. CIV. P. 4(f)(1).[2]

---

[2] DEC contends that the proper "[m]ethod of service is dependent on the *status* of the person or entity to be served" rather than the location where service is to be effected and thus that it is impossible to validly serve process on a foreign corporation using a method of service that is not authorized by the Hague Convention. Defendant Daewoo Electronics Corp.'s Reply to Plaintiffs' Response to Daewoo Electronics Corp.'s Motion to Dismiss for Insufficient Process and Service, and Lack of Personal Jurisdiction ("Reply") at 2 (emphasis in original). This

(continued...)

Here, the Raburns filed suit in Texas and attempted to serve process on DEC in Florida, so the service was effective if it complied with either Texas or Florida law. *See* FED. R. CIV. P. 4(e)(1); *id.* 4(h)(1)(A). The Raburns contend that they served process in a manner that complies with Florida law.[3] Plaintiffs' Brief in Support of Their Response to Motion to Dismiss for Insufficient Process and Service, and Lack of Personal Jurisdiction ("Response Brief") at 3-5. Under Florida law, service of process on foreign corporations is governed by Section 48.081 of the Florida Statutes. FLA. STAT. § 48.081. The statute establishes a hierarchy of preferred methods of service, with service on the head of a corporation being the most preferred and service on a registered agent or any corporate employee being the least preferred. See *id.*

---

(...continued)
contention is without merit. The applicability of the Hague Convention is limited to cases in which "the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad." *Volkswagenwerk Aktiengesell-Schaft v. Schlunk*, 486 U.S. 694, 700 (1988). Some of the applicable methods of serving process defined by the internal law of the United States allow process to be served domestically and thus do not require the transmittal of documents abroad. *See* FED. R. CIV. P. 4(h)(1) (providing rules for serving process on "a domestic *or foreign* corporation" within "a judicial district of the United States") (emphasis added). The Hague Convention does not override state laws that allow foreign corporations to be served domestically. See *Schlunk*, 486 U.S. at 706-07 (upholding the validity of serving process on a foreign corporation by serving the corporation's domestic subsidiary where that method of service was authorized by Illinois law).

[3] The Raburns do not contend that service was proper under Texas law, so the court does not consider this issue.

The Raburns attempted to serve process on DEC by having a court officer send a citation and a copy of their original petition to Chul Ong Lee at an address in Doral, Florida.  Notice, Exhibit 5, Form No. 353-3 -- Citation at 1.  The citation described Lee as an officer of DEC.  *Id.*  In actuality, Lee is the registered agent of the defendant DEAM, not an officer of DEC.  Motion at 2.  DEC and DEAM are separate entities:  DEC is incorporated under the laws of and has its principal place of business in the Republic of Korea, while DEAM is incorporated under the laws of Florida and has its principal place of business in New Jersey.  Notice at 3.  Lee is not an officer, director, agent, or employee of DEC, and DEC has not appointed DEAM or Lee as its registered agent for service of process.  Motion at 2.  Therefore, the Raburns' attempt to serve process on DEC by serving process on Lee does not comply with the terms of Florida Statute § 48.081.

However, the Raburns contend that Florida law provides that serving process on a wholly owned subsidiary of a foreign corporation effectively serves process on the foreign corporation "in situations in which the foreign corporation exercises a significant degree of control of the local subsidiary."  Response Brief at 4-5.  It is true that Florida law sometimes allows a parent corporation to be served with process through its subsidiary, but "[b]y itself, the fact that the party actually served is the wholly-owned subsidiary of the party for whom service was intended does not support substituted service."  *Aquila Steel Corporation v. Fontana*, 585 So. 2d 426, 427 (Fla.

Dist. Ct. App. 1991); see also *Consolidated Development Corporation v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there."), *cert. denied*, 534 U.S. 827 (2001); *McClenon v. Nissan Motor Corporation in U.S.A.*, 726 F. Supp. 822, 826 (N.D. Fla. 1989) ("Florida courts have repeatedly held that statutes providing for substituted service must be strictly construed."). Only "'where there is a showing by plaintiff that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state'" is "such substitute service of process permitted." *Sehringer v. Big Lots, Inc.*, 532 F. Supp. 2d 1335, 1342 (M.D. Fla. 2007) (quoting *Aquila Steel*, 585 So. 2d at 427). The plaintiff must present and prove facts tending to show that the foreign parent exercised sufficient control over the in-state subsidiary. *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1357 (S.D. Fla. 2005); *Wasden v. Yamaha Motor Company, Limited*, 131 F.R.D. 206, 209 (M.D. Fla. 1990); cf. *Volkswagenwerk Atkiengelselischaft v. McCurdy*, 340 So. 2d 544, 545 (Fla. Dist. Ct. App. 1976) (explaining that once a party "seeking to quash service of process makes a prima facie showing that it was not amenable to substituted service" on the Florida Secretary of State, "the burden then shifts to plaintiffs to support the allegations of their complaint and to clearly show facts sufficient to sustain the propriety of the substituted service of process sought"),

*cert. denied*, 348 So. 2d 950 (1977). Where the plaintiffs "have merely relied upon the fact" of a parent-subsidiary relationship, they "have not met their burden of proving proper service of process." *Vega Glen*, 359 F. Supp. 2d at 1357; *Wasden*, 131 F.R.D. at 209.

Here, the Raburns have neither presented nor proven any facts tending to show that DEC is amenable to substituted service of process on DEAM. Instead, they offer the unsubstantiated assertions that DEAM "exists solely for the purpose of selling the products manufactured by DEC," that DEAM's "activities are closely managed to serve the purposes of DEC," and that DEAM "is under the control of DEC, is simply the means by which DEC conducts business in the United States, and thus 'in effect functions only as an agent to achieve the purposes of the parent corporation.'" Response Brief at 6 (quoting *Sehringer*, 532 F. Supp. 2d at 1345-46). The Raburns have offered no evidence in support of these allegations. Even if they had, it is not clear that these allegations would authorize substituted service of process on DEAM. See *MacMillan-Bloedel, Limited v. Canada*, 391 So. 2d 749, 751 (Fla. Dist. Ct. App. 1980) (holding that a foreign corporation's "doing business through its Florida subsidiary," without more, "is an insufficient basis to support a finding of 'doing business' or 'control'" under Florida's service-of-process statutes). Therefore, the court concludes that the Raburns did not properly serve process on DEC by serving process on the registered agent of DEAM.

"'Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process.'" *International Transactions, Limited v. Embotelladora Agral Regionmontana SA de CV*, 277 F. Supp. 2d 654, 665 (N.D. Tex. 2002) (Fish, C.J.) (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)). "Where a court finds 'service is insufficient but curable,'" the general rule is that it should quash the service rather than dismiss the complaint and "'give the plaintiff an opportunity to re-serve the defendant.'" *L.K. ex rel. Yarborough v. Mazda Motor Corporation*, 2009 WL 1033334, at *1 (N.D. Tex. Apr. 15, 2009) (Lynn, J.) (quoting *Rhodes v. J.P. Sauer & Sons, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. 2000)); see also *Fyfee v. Bumbo Limited*, 2009 WL 2996885, at *3 (S.D. Tex. Sept. 16, 2009) ("When . . . the record shows that there is 'a reasonable prospect that plaintiff will ultimately be able to serve defendant properly,' a court may decline to dismiss and instead quash the service of process and allow time for proper service." (quoting *Montalbano v Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)); *Albo v. Suzuki Motor Corporation*, 2008 WL 2783508, at *3 (W.D. Tex. July 2, 2008) ("In most instances where a foreign corporation has not been served in compliance with the Hague Convention the favored remedy is to allow the plaintiff the appropriate time to properly serve the defendant.") (collecting cases). Dismissal is generally appropriate only where proper service would be futile. *Rhodes*, 98 F. Supp. 2d at 750.

Here, the record shows that there is a reasonable prospect that the Raburns will be able to properly serve DEC. The Raburns have expressed their willingness and ability to serve DEC in a manner that complies with the requirements of the Hague Convention. Response Brief at 8-9; Plaintiffs' First Amended Complaint at 2. Therefore, the court opts to exercise its discretion to deny the motion to dismiss.

## III.  CONCLUSION

For the reasons discussed above, DEC's motion to dismiss is **DENIED**, and its motion in the alternative to quash service is **GRANTED**. Within 120 days of the entry of this memorandum opinion and order, the Raburns shall serve process on DEC in conformity with the requirements established by the Federal Rules of Civil Procedure.

**SO ORDERED**.

March 3, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**